DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

JERMAINE WILLIAMS,                )
                                  )
        **Plaintiff,**        )
                                  )
        **v.**                )       **Case No. 3:19-cv-0049**
                                  )
**PEOPLE OF THE VIRGIN ISLANDS,**  )
                                  )
        **Defendant.**      )
                                  )

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge. (ECF No. 16.) The Magistrate Judge recommends that the Court deny Jermaine Williams' ("Williams") habeas petitions, (ECF Nos. 1, 2, 11), for lack of jurisdiction. For the reasons discussed below, the Court will adopt the Report and Recommendation.

On April 8, 2011, Williams was convicted in the Superior Court of the Virgin Islands of second degree murder, assault, and unauthorized use of a firearm. Williams appealed following the court's entry of judgment and the Supreme Court twice remanded the case to the Superior Court for resentencing. On July 1, 2019, Williams filed a petition pursuant to 28 U.S.C § 2254 with the District Court, (ECF Nos. 1 ,2), as well as an amended petition on November 18, 2019, (ECF No. 11).

On February 6, 2020, the Magistrate Judge entered a Report and Recommendation explaining that the District Court's jurisdiction to review habeas petitions is limited to petitions from prisoners housed within the court's jurisdiction. As such, because Williams is housed in Virginia—outside of the District of the Virgin Islands—the Court has no jurisdiction over the warden of Williams' facility. The Magistrate Judge's Report thus recommended that the Court deny the petitions without an evidentiary hearing and without prejudice to Williams filing a habeas petition directed to the warden of the facility where he is incarcerated. On June 3, 2020, a copy of the Report and Recommendation was sent to Williams by certified mail. *See* Hard Copy Notice, ECF No. 19.

*Williams v. People of the Virgin Islands*
Case Number 3:19-cv-0049
Order
Page 2 of 3

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party is served by mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing"), the 14-day time period within which a party may object to a magistrate judge's report and recommendation is extended to 17 days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also Pearson v. Prison Health Serv.*, 519 F. App'x 79, 81 (3d Cir. 2013) (explaining that when a party is served with a report and recommendation by mail, the period to file objections is 17 days). The time within which a party may make objections may be extended by the Court upon a timely motion for an extension of time demonstrating good cause for the extension. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend that time . . . if a request is made, before the original time . . . expires.").

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de*

*Williams v. People of the Virgin Islands*
Case Number 3:19-cv-0049
Order
Page 3 of 3

*novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

Here, the Court served Williams with a copy of the Report and Recommendation by mail on June 3, 2021. *See* Hard Copy Notice, ECF No. 19. As such, the deadline for Williams to file objections to the February 6, 2020 Report and Recommendation was June 21, 2021. Williams has not filed any objections. Accordingly, the Court will review the Report and Recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Russell*, 134 F.3d 171, 181 (3d Cir. 1998) (quoting *United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994)). "A 'plain' error is one that is 'clear' or 'obvious.' " *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 364, 54 V.I. 882 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)).

After carefully reviewing the record and the Report and Recommendation for plain error, the Court does not find clear or plain error in any of the Magistrate Judge's factual or legal findings. The Court, therefore, will adopt the February 6, 2020 Report and Recommendation and will deny Williams' petition. Additionally, the Court will deny a certificate of appealability.

Accordingly, it is hereby

**ORDERED** that the February 6, 2020 Report and Recommendation, ECF No. 16, is **ADOPTED**; it is further

**ORDERED** that Williams' Petition for Relief from a Conviction or Sentence by a Person in State Custody, ECF Nos.1, 2, and Amended Petition for Relief from a Conviction or Sentence by a Person in State Custody, ECF Nos. 11, are **DENIED**; and it is further

**ORDERED** that a certificate of appealability is **DENIED**.

**Dated:** August 10, 2021                    /s/ *Robert A. Molloy*
                                              **ROBERT A. MOLLOY**
                                              **Chief Judge**